UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAGOBERTO LEAL GARRIDO (A-240-851-996),

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX,

Respondent.

No. 1:26-cv-5314 DAD CSK

ORDER AND FINDINGS AND RECOMMENDATIONS

Petitioner Dagoberto Leal Garrido (A-240-851-996), a native of Cuba who is proceeding without counsel, filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] This habeas action concerns petitioner's detention by immigration authorities. For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus and ordering respondent to provide petitioner a bond hearing.

## I. FACTUAL BACKGROUND[2]

Petitioner entered the United States on or about July 4, 2022, without inspection. (ECF

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

[2] Petitioner filed a verified habeas petition. (ECF No. 1 at 8.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).

No. 8 at 4.) On February 19, 2026, petitioner was detained by immigration authorities. (ECF No. 1 at 5.) Petitioner has not been provided with a hearing before a neutral decisionmaker to assess danger or flight risk. (Id. at 6, 7.) Respondent does not contest petitioner's factual allegations, but adds that petitioner has a criminal history. (See ECF No. 8; ECF No. 8 at 1.) Immigration records show petitioner was arrested on January 15, 2026, for battery/domestic violence in violation of Florida Statute § 784.03. (ECF No. 8 at 6 (Form I-213); 8 at 12 (RAP Sheet).)

On June 3, 2026, an immigration judge granted petitioner's request for voluntary departure. (ECF No. 11 at 5-8.) At some point prior to August 24, 2026, petitioner was denied repatriation to Cuba. (ECF No. 13 at 1.)

## II. PROCEDURAL BACKGROUND

On July 10, 2026, petitioner filed his pro se petition for writ of habeas corpus. (ECF No. 1.) On July 18, 2026, respondent timely filed an answer. (ECF No. 8.) Petitioner did not file a reply. (See Docket.) Briefing is now complete.

## III. ORDER TO SHOW CAUSE

On August 20, 2026, petitioner was ordered to show cause why this action should not be dismissed as moot in light of respondent's status report indicating an immigration judge had granted petitioner's request for voluntary departure and had been transferred to Louisiana for a flight out the country on August 20 or 27, 2026. (ECF No. 12 at 1.) On August 31, 2026, respondent filed a second status report stating that petitioner was denied repatriation to Cuba and was scheduled for return. (ECF No. 13 at 1.) According to the government's official DHS United States Immigration and Customs Enforcement Online Detainee Locator System website, as of September 10, 2026, petitioner is currently held in the Central Valley Annex.[3] See https//locator.ice.gov/odis.

Considering the denial of repatriation to Cuba and petitioner's return to ICE detention at

---

[3] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). The U.S. Immigration and Customs Enforcement department maintains an Online Detainee Locator System and its website is an official website of the DHS of the United States Government. The address of this official website is https//locator.ice.gov/odis.

the Central Valley Annex, the order to show cause (ECF No. 12) is vacated.

## IV. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## V. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner challenges his continued detention based on the violation of the following: (1) the Accardi Doctrine; (2) Fifth Amendment procedural due process clause; and (4) his arbitrary and indefinite detention violates due process.[4] (ECF No. 1 at 6-7.) Respondent does not argue that petitioner is a flight risk or a danger to the community, and instead argues that as an "applicant for admission," petitioner's detention is mandatory under 8 U.S.C. § 1225(b). (ECF No. 8 at 1.) Respondent cites Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026) and Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), in support of their position that § 1225(b)(2)(A) is applicable here. (Id. at 1-2.) Respondent also argues that petitioner does not possess a right to freedom from immigration detention in any form other than the form provided by Congress. (Id. at 2.) In addition,

---

[4] In claim three, petitioner requests relief rather than setting forth another ground for relief. (ECF No. 1 at 6.) Therefore, claim three is not a separate cognizable habeas claim.

respondent notes that petitioner has a criminal history. (Id. at 1.)

**A. Applicability of 28 U.S.C. § 1225(b)**

This Court must first decide whether, as argued by respondent, petitioner is subject to mandatory detention under 28 U.S.C. § 1225(b). Respondent concedes that "[t]his case is in the category of immigration habeas cases for which the Court has typically ordered a bond hearing." (Id.) The Court interprets respondent's concession to refer to the large volume of cases in which this district court has repeatedly rejected respondent's new interpretation[5] of Sections 1225 and 1226, finding that the detention or re-detention of a noncitizen without a pre-deprivation bond hearing violates the Immigration and Nationality Act ("INA") and/or violates due process.

After the petition was fully briefed, the Ninth Circuit decided this issue in Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026). In Rodriguez Vazquez, the Ninth Circuit rejected respondent's argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at 1165. The majority of courts nationwide agree, rejecting respondent's new interpretation of Sections 1225 and 1226. See, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, et al., 175 F.4th 713, 735 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025

[5] Until DHS changed its policy in July 2025, the Government consistently applied Section 1226(a), not Section 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022).

WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondent's arguments and found DHS's new policy unlawful."); Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

Here, petitioner resided in the country since July 2022, and was not detained at the border. Therefore, respondent's argument that petitioner is an "applicant for admission" subject to § 1225(b) fails and, pursuant to Rodriguez Vazquez and based on respondent's concession, the Court recommends finding petitioner is not subject to mandatory detention under § 1225(b).

**B. Indefinite Detention Claim**

Respondent did not address petitioner's indefinite detention claim. (See ECF No. 8.) It is unclear whether petitioner is now detained under 8 U.S.C. § 1226(a). But even if petitioner is now subject to detention under 8 U.S.C. § 1231(a)(6), "inadmissible aliens are entitled to the same reasonable time limitations as deportable aliens." Arango Marquez v. I.N.S., 346 F.3d 892, 896 (9th Cir. 2003). In Zadvydas, the Supreme Court addressed a challenge to prolonged detention under § 1231(a)(6) by noncitizens who "had been ordered removed by the government and all administrative and judicial review was exhausted, but their removal could not be effectuated because their designated countries either refused to accept them or the United States lacked a repatriation treaty with the receiving country." Prieto-Romero v. Clark, 534 F.3d 1053, 1062 (9th Cir. 2008) (citing Zadvydas, 533 U.S. at 684-86). The Supreme Court "read an implicit limitation" into the statute "in light of the Constitution's demands," holding that § 1231(a)(6) does not authorize indefinite detention and "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas, 533 U.S. at 689.

> After [a presumptively reasonable] 6–month period, once the alien

> provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Zadvydas, 533 U.S. at 701.

Here, petitioner has been detained for over 6.5 months since February 19, 2026. The immigration judge granted petitioner voluntary departure on June 3, 2026, but petitioner was denied repatriation to Cuba. Although respondent points to petitioner's criminal history, respondent does not argue that petitioner is a risk to the community or a flight risk, and does not oppose the Court ordering that petitioner be provided a bond hearing. In addition, the denial of petitioner's repatriation to Cuba demonstrates that his removal to Cuba is not reasonably foreseeable. Overall, the Court finds that petitioner's continued detention is not consistent with the purpose of effectuating removal under § 1231(a)(6). Therefore, the Court recommends that the petition be granted on petitioner's indefinite detention claim (claim four).

**C. Petitioner's Remaining Claims**

In the petition, petitioner also raises a claim under the Accardi Doctrine and a due process claim (claims one and two). (ECF No. 1 at 6-7.) Because the Court recommends granting the petition on claim four, the Court need not address any additional claims (claims one and two) raised in the petition. See N.K. v. Noem, 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to the second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release."). Petitioner is entitled to the habeas relief he seeks on statutory grounds.

///

## VI. MOTION FOR APPOINTMENT OF COUNSEL

Petitioner filed a motion for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. Because the Court recommends that the petition be granted, petitioner's motion for appointment of counsel is denied without prejudice.

## VII. CONCLUSION

In summary, the Court recommends that the petition for writ of habeas corpus be granted on petitioner's indefinite detention claim (claim four).

Accordingly, IT IS HEREBY ORDERED that:

1. The August 20, 2026 order to show cause (ECF No. 12) is vacated.
2. Petitioner's motion for appointment of counsel (ECF No. 2) is denied without prejudice.

Further, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED on claim four.
2. Respondent be ordered to provide petitioner Dagoberto Leal Garrido (A-240-851-996) with a bond hearing before an immigration judge/ neutral decisionmaker within **fourteen (14) days** of the adoption of these findings and recommendations. Respondent must provide notice to petitioner and if petitioner has counsel, also petitioner's counsel, with at least seven (7) days' notice before the bond hearing. If petitioner has counsel, petitioner shall be allowed to have counsel present at any such hearing. If a bond hearing is not held within 14 days, petitioner shall be immediately released.
3. Given petitioner's pro se status, respondent be directed to file, within **seven days** after the bond hearing, a status report addressing petitioner's status.
4. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 11, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/garr5314.157.2241.imm.bond