UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAGOBERTO LEAL GARRIDO,<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX,<br>Respondent. | No. 1:26-cv-05314-DAD-CSK<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART; GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART; AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 14, 19) |

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 11, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted and that respondent be ordered to provide petitioner a bond hearing before an immigration judge. (Doc. No. 14 at 7.) The magistrate judge determined that, pursuant to *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b). (Doc. No. 14 at 5.) The magistrate judge next acknowledged that is unclear whether petitioner may be subject to discretionary detention under 8

U.S.C. § 1226(a), but noted that even if petitioner is subject to detention pursuant to 8 U.S.C. § 1231, his removal is not significantly likely in the reasonably foreseeable future. (*Id.* at 5–6.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service. (*Id.* at 6.) On September 16, 2026, respondent filed its objections to the pending findings and recommendations. (Doc. No. 17.) In its objections, respondent objects to the findings and recommendations merely for the reasons stated in its answer to the petition. (*Id.* at 1.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. For the reasons explained below, the court will adopt the findings and recommendations in part, grant petitioner's habeas petition in part, and deny petitioner's motion for temporary restraining order as having been rendered moot.

Petitioner entered the United States on or about July 4, 2022. (Doc. No. 8 at 4.) According to petitioner, he was detained by immigration authorities on February 19, 2026 and has not been provided a bond hearing to assess whether his continued detention is justified. (Doc. No. 1 at 2, 6–7.) On June 3, 2026, petitioner was granted voluntary departure by an immigration judge and waived appeal. (Doc. No. 11 at 5–8.) Petitioner was ordered to depart the United States by July 6, 2026, and was informed that his failure to depart by that date would result in an alternate order of removal to Cuba. (*Id.* at 6.) On or about July 6, 2026, petitioner was granted an extension of time to depart the United States, and given until August 6, 2026, to depart. (*Id.* at 3.) On August 17, 2026, respondent's counsel informed the court that Enforcement and Removal Operations ("ERO") planned to place petitioner on a flight scheduled for August 20 or 27, 2026. (*Id.* at 1.) On August 31, 2026, respondent's counsel informed the court that petitioner was denied repatriation to Cuba. (Doc. No. 13.) Respondent has not provided any other evidence or argument suggesting in any way that it continues to seek petitioner's removal.

Courts have consistently held that an alternative removal order becomes final when a noncitizen does not voluntarily depart by the deadline. *See Samad v. Mullin*, No. 26-cv-04626-DMS-JLB, 2026 WL 3001004, at *1 (S.D. Cal. Oct. 5, 2026) ("[T]he removal order became final upon Petitioner's overstay of the voluntary departure period[.]"); *Pozos Vazquez v. Lyons*, No.

1:26-cv-02430-JLT-FJS, 2026 WL 1396646, at *2 (E.D. Cal. May 19, 2026) (finding the petitioner's removal order was final because the petitioner failed to timely depart, and the petitioner "did not file an appeal to the Board of Immigration Appeals, did not withdraw his voluntary departure, and did not file a motion to reopen or reconsider with the immigration court"); *Mohsin v. Warden of the California City Det. Facility*, No. 1:26-cv-03459-AMO-, 2026 WL 1506839, at *2–3 (E.D. Cal. May 29, 2026) (finding that the petitioner was subject to detention pursuant to § 1231(a)(2) because he failed to voluntarily depart, even though the petitioner was detained and it was the government's actions which caused the petitioner to stay past the voluntary departure period). Here, the voluntary departure period ended on August 6, 2026, and petitioner has not departed the United States or otherwise appealed, therefore the alternative removal order is now final, and petitioner remains in the 90-day removal period. *See Pozos Vazquez*, 2026 WL 1396646, at *3 (finding the petitioner's alternate removal order took effect when he failed to timely depart and he was therefore subject to detention during the 90-day removal period).

While the statute mandates detention during the 90-day removal period, courts have found that a petitioner's prolonged detention continuing into the removal period where there is no significant likelihood of removal may violate due process. For example, in *J.B. v. Warden of the California City Det. Facility*, the district court concluded that there was a very real risk of indefinite detention where there was no significant likelihood of removal, the government deprived petitioner of his liberty for 18 months without an individualized custody determination prior to his removal order, and the government failed to follow their own post-removal regulations, "specifically a custody review before the end of the removal period and notices of non-compliance under 8 C.F.R § 241.4." No. 1:26-cv-02978-TLN-SCR, 2026 WL 2137754, at *4 (E.D. Cal. July 24, 2026); *see also Chantha v. Warden*, No. 1:26-cv-01052-DJC-SCR, 2026 WL 925995, at *4 (E.D. Cal. Apr. 6, 2026) (concluding that the petitioner had a protected liberty interest "given the length of petitioner's detention without a bond hearing, the ongoing mandatory nature of his detention under § 1231(a)(2), as well his 'removable-but-unremovable' limbo as a stateless person"), *report and recommendation adopted*, No. 1:26-cv-01052-DJC-SCR, 2026 WL

1147960 (E.D. Cal. Apr. 28, 2026); *Doe v. Becerra*, 697 F. Supp. 3d 937, 947 (N.D. Cal. 2023) (concluding that that the petitioner's continued detention without an individualized bond hearing violated his due process rights under the Fifth Amendment where he was subject to detention pursuant to § 1231(a)(2) but had been detained for a total of 22 months without any custody determination).

Here, it does not appear that there is a significant likelihood of petitioner's removal in the reasonably foreseeable future because he was denied repatriation to Cuba and he has not been ordered removed to any other country. The court is persuaded by the due process analysis of the district judges in *Chantha* and *Doe* and finds that the appropriate remedy here is a bond hearing before an immigration judge at which the government will bear the burden of justifying continued detention by clear and convincing evidence. *See Chantha*, 2026 WL 925995, at *6–7 (concluding that the government should bear the burden of proof); *Doe*, 697 F. Supp. 3d at 947–948 (same).

In addition, the Ninth Circuit has held that "dangerousness cannot justify indefinite detention under *Zadvydas*[.]" *Tuan Thai v. Ashcroft*, 366 F.3d 790, 798 (9th Cir. 2004); *see also Yakoub v. Marin*, No. 5:26-cv-01399-JAK-RAO, 2026 WL 922015, at *6 (C.D. Cal. Mar. 31, 2026) ("Under binding Supreme Court and Ninth Circuit precedent, a noncitizen's danger to the community is not material in the *Zadvydas* analysis."). Indeed, the Supreme Court in *Zadvydas* explicitly noted that Kestutis Zadvydas had a "history of flight, from both criminal and deportation proceedings," but still found that the justification of preventing flight, which such criminal history supported, was "weak or nonexistent where removal seems a remote possibility at best." *Zadvydas*, 533 U.S. at 684, 690. Moreover, a review of 8 C.F.R. § 241.14 reflects that the government's own regulations do not permit detention where "there is no significant likelihood that the [noncitizen] will be removed in the reasonably foreseeable future[]" except where certain special circumstances are present. 8 C.F.R. § 241.14. For these reasons, the court orders that it is respondent who will bear the burden of justifying petitioner's continued detention by showing by clear convincing evidence that there is a significant likelihood of petitioner's removal in the reasonably foreseeable future or that one of the special circumstances listed in 8 C.F.R. § 214.14 applies to petitioner.

For the reasons explained above,

1. The findings and recommendations issued on September 11, 2026 (Doc. No. 14) are ADOPTED IN PART;

2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Respondent is ordered to provide petitioner Dagoberto Leal Garrido, A-File No. 240-851-996, with a bond hearing before an immigration judge within fourteen (14) days of this order, at which hearing the government will bear the burden of showing by clear and convincing evidence that there is a significant likelihood of petitioner's removal in the reasonably foreseeable future or that one of the special circumstances listed in 8 C.F.R. § 214.14 applies to petitioner. Respondent must provide notice to petitioner and, if petitioner has counsel, also petitioner's counsel, with at least seven (7) days' notice before the bond hearing. If petitioner has counsel, petitioner shall be allowed to have counsel present at any such hearing. If a bond hearing is not held within 14 days, petitioner shall be immediately released;

3. Petitioner's motion for temporary restraining order (Doc. No. 19) is DENIED as having been rendered moot by this order; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 15, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE